# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE TEXT MESSAGING ANTITRUST LITIGATION | ) ) ) ) | No. 08 C 7082 |
|  | ) | MDL No. 1997 |
|  | ) | Judge Matthew F. Kennelly |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) |  |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiffs respectfully submit this memorandum of law in support of their Motion, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to amend the Corrected Consolidated Class Action Complaint (the "Complaint") to include newly discovered factual information pertaining to Defendants' pricing structure for per-unit text messaging services prior to 2006.

## BACKGROUND

The Panel on Multidistrict Litigation transferred this matter to this Court on February 3, 2008. (Dkt. #1.) Plaintiffs subsequently filed their Consolidated Class Action Complaint on April 29, 2009 (Dkt. #63), and their Corrected Consolidated Class Action Complaint on June 30, 2009 (Dkt. #79), alleging antitrust injury arising from Defendants' entry into and implementation of a continuing contract, combination, and conspiracy to fix, raise, maintain, and stabilize prices for Text Messaging services sold in the United States. Plaintiffs allege that Defendants – who control more than 90% of the market for text messaging services – conspired to raise the per-unit cost for text messages during the period from 2005 through 2008, while the marginal cost to transmit a text message decreased by 65%. (Compl. ¶ 4.)

The Complaint currently alleges that each Defendant, led by Sprint-Nextel in the 4th Quarter of 2006, increased their per-unit cost from 10 cents to 15 cents within several months of each other in the 1st and 2nd Quarters of 2007. (*Id.*) The Complaint further alleges that Sprint-Nextel again increased its per-unit text message price by an additional 33.33%, from 15 cents to 20 cents, in the 4th Quarter of 2007. (*Id.*) Again, the remaining Defendants increased their prices by an identical amount within several months. (*Id.*) As the Complaint extensively discusses, none of the Defendants attempted to attract additional customers by charging even a penny less per text message, in spite of considerable evidence showing that no economic analysis could justify such a price increase. (*See id.* ¶¶ 66-71.)

After considerable effort and expense, Plaintiffs now seek to amend the Complaint to include recently obtained pertinent factual allegations that further support Plaintiffs' claims of collusion and conspiracy to raise per-unit text messaging prices. Specifically, Plaintiffs' amendments will show that prior to entering the alleged conspiracy, Defendants charged notably different rates and actively competed for per-unit text messaging customers, contrary to Defendants' current assertion that competition for per-unit text message users is pointless. Plaintiffs encountered considerable difficulty in locating this information – which is not publicly available through any current sources – and expended considerable time and money to gain the relevant data. Plaintiffs contacted several experts in the industry, who all failed to access this information. Plaintiffs subsequently attempted to enlist the assistance of the CTIA, which claims to "bring consumers a wide variety of choices and information regarding wireless services."[1]

---

[1] CTIA website, available at http://www.ctia.org/aboutCTIA/. Last accessed October 4, 2009.

The CTIA refused to divulge historic figures citing "antitrust reasons."[2]  Eventually, through the assistance of one expert, Plaintiffs only recently acquired the relevant pricing data.

Prior to the class period, Defendants charged notably disparate prices for per-unit text messaging services.  T-Mobile charged 5 cents per text message prior to the conspiracy; Alltel – later acquired by Verizon – charged between 5 and 10 cents per text message; Cingular – later acquired by AT&T – charged 10 cents per text message; and Sprint-Nextel vacillated between 10 and 15 cents per text message.  (Mot. Ex. A ¶ 77.)  Importantly, the Amended Complaint further demonstrates that Sprint-Nextel previously attempted to raise per-unit text messaging prices in the 4th Quarter of 2003 from 10 to 15 cents.  (*Id.*)  The other Defendants did not increase their prices, and Sprint-Nextel retreated to the previous 10 cent price.  (*Id.*)  In contrast, when Sprint-Nextel again raised their price in 2006, the other Defendants standardized their own prices within a short time span and raised prices uniformly on two separate occasions.

## ARGUMENT

## I.  PLAINTIFFS MAY AMEND THE CONSOLIDATED CLASS ACTION COMPLAINT AS OF RIGHT.

Rule 15(a)(1)(A) provides Plaintiffs with "the automatic right to amend [their] complaint once before a responsive pleading is served."  *Howard v. Philip Morris, USA, Inc.*, 98 Fed. Appx. 535, 537 (7th Cir. 2004).  A motion to dismiss "is not a 'responsive pleading' for purposes of Rule 15(a) so it [does] not cut off [a plaintiff's] right to amend once as a matter of course." *Id.* (*citing Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998)).  Moreover, for purposes of applying Rule 15(a) to a consolidated class action,

---

[2] Plaintiffs' expert contacted the CTIA during the week of September 14, 2009, and was informed that the CTIA did not maintain accessible historic rate information "for antitrust reasons."

"the consolidation of separate complaints does not constitute an amendment of the individually filed complaints." *In re Sunrise Sr. Living, Inc. Deriv. Litig.*, 550 F. Supp. 2d 1, 4-5 (D.D.C. 2008). Where a plaintiff "has only consolidated the complaints and has yet to amend its Consolidated Complaint, Plaintiff is entitled to amend as a matter of course." *In re Guidant Corp. Shareholders Deriv. Litig.*, No. 1:03-CV-0955, 2005 U.S. Dist. LEXIS 45701, at *5 (S.D. Ind. Dec. 22, 2005) (*citing Duda*, 133 F.3d at 1056-57); *see also In re AMBAC Fin. Group, Inc. Deriv. Litig.*, No. 08-CV-854, 2008 WL 5262428, at *1 (S.D.N.Y. Dec. 11, 2008) (noting existence of judicial support for amendment as of right in the instant situation).

Here, since Defendants have not yet answered the Consolidated Class Action Complaint, and Plaintiffs have merely consolidated the complaints without previously amending the Complaint, Plaintiffs are entitled to amend as a matter of course, and the Amended Consolidated Class Action Complaint should supersede the existing Complaint. Plaintiffs' prior correction of the Complaint does not constitute an amendment and should not affect this automatic right.

## II.  ALTERNATIVELY, EVEN IF PLAINTIFFS MAY NOT AMEND AS OF RIGHT, LEAVE TO AMEND SHOULD BE GRANTED

Although Plaintiffs are entitled to amend the Complaint as a matter of course, even assuming the Court finds that leave to amend is required in the instant situation, such leave should be granted. Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court previously held:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires;" this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citations omitted). Courts should deny amendment "'*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Franks v. Ross*, 313 F.3d 184, 193 (4th Cir. 2002) (*quoting Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)) (emphasis in original); *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (*citing Foman*, 371 U.S. at 182).

No such concerns are present here. This matter is in its earliest stages. Discovery has not yet begun and the parties are at the motion to dismiss phase. Additionally, the amendment merely seeks to add factual allegations to the Complaint, rather than raising new substantive questions of liability. As such, none of the traditional metrics for finding prejudice are present in the instant situation. *See, e.g.*, *Sanders v. Int'l Union of Oper. Eng'rs, Local 150, AFL-CIO*, 6 Fed. Appx. 443, *2 (7th Cir. 2001) (finding amendment raising new legal issue inappropriate if it would involve restarting concluded discovery and amendment used as tactic to postpone impending trial date). Therefore, this amendment will not prejudice the opposing parties.

Furthermore, as discussed *supra*, due to the lack of public information concerning historic pricing and the CTIA's refusal to provide the relevant data for "antitrust reasons," Plaintiffs only recently obtained the information sought to be added to the Complaint. Upon acquiring the information, Plaintiffs immediately brought this Motion to amend the Complaint without delay. In light of Plaintiffs' vigorous efforts to previously locate this data, the amendment is not sought for any improper motive and is in good faith.

Finally, the addition of the amended allegations will assist Plaintiffs in satisfying the *Twombly* standard for demonstrating a plausible conspiracy, and is therefore, not futile. This data supports Plaintiffs' contention that Defendants dramatically departed from their competitive

pricing structures by entering into a conspiracy to charge artificially high and uniform prices for per-unit text messaging services. "[C]omplex and historically unprecedented changes in pricing structure made at the very same time by multiple competitors, and made for no other discernable reason," support the existence of a conspiracy. *Standard Iron Works v. Arcelormittal*, No. 08-C-5214, 2009 WL 1657449, at *18 (N.D. Ill. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.4 (2007)); *see also In re Graphics Processing Units Antitrust Litig.* (*GPU*), 540 F. Supp. 2d 1085, 1094 (N.D. Cal. 2007) (same).

Here, prior to the conspiracy, Defendants actively competed for per-unit text messaging services, and charged prices ranging from T-Mobile and Alltel (later Verizon) at 5 cents, Cingular (later AT&T) at 10 cents, and Sprint-Nextel vacillating between 10 and 15 cents. (Mot. Ex. A ¶¶ 73, 77.) Highlighting the competitive balance, when Sprint-Nextel increased its rates from 10 cents to 15 cents in late 2003, none of the other Defendants followed suit, forcing Sprint-Nextel to retreat to their previous position at 10 cents. (*Id.*) By the 2nd Quarter of 2006, however, Defendants had departed from this competitive conduct, and in succession moved from a uniform price of 10 cents, to 15 cents, and, finally, to 20 cents. (*Id.* ¶¶ 74-77.) These amended factual allegations suggest "a marked shift in behavior," *GPU*, 540 F. Supp. at 1094, and demonstrate "distinct differences in Defendants' behavior before and during the alleged conspiracy," *Arcelormittal*, 2009 WL 1657449, at *18. The Amended Complaint provides important historical context to better allow the Court to determine the plausibility of Plaintiffs' claims.

## CONCLUSION

For the reasons stated above, Plaintiffs request that this Court grant their Motion to Amend the Complaint.

Dated: October 6, 2009                    Respectfully submitted,


                                          ___/s/ Mary Jane Fait_____
                                          Mary Jane Fait
                                          **WOLF HALDENSTEIN ADLER**
                                             **FREEMAN & HERZ LLC**
                                          55 W. Monroe Street, Suite 1111
                                          Chicago, Illinois  60603
                                          Telephone:  (312) 984-0000
                                          Facsimile:  (312) 984-0001

                                          ***Plaintiffs' Liaison Counsel***

                                          Marvin A. Miller
                                          **MILLER LAW LLC**
                                          115 South LaSalle Street, Suite 2910
                                          Chicago, Illinois  60603
                                          Telephone:  (312) 332-3400
                                          Facsimile:  (312) 676-2676

                                          Christopher Lovell
                                          **LOVELL STEWART HALEBIAN, LLP**
                                          61 Broadway, Suite 501
                                          New York, New York 10006
                                          Telephone:  (212) 608-1900
                                          Facsimile:  (212) 719-4677

                                          Joe R. Whatley Jr.
                                          **WHATLEY DRAKE & KALLAS**
                                          1540 Broadway, 37th Floor
                                          New York, New York 10036
                                          Telephone:  (212) 447-7070
                                          Facsimile:  (212) 447-7077

                                          Daniel E. Becnel, Jr.
                                          **BECNEL LAW FIRM, LLC**
                                          P.O. Drawer H
                                          106 West Seventh Street
                                          Reserve, Louisiana  70084
                                          Telephone:  (985) 536-1186
                                          Facsimile:  (985) 536-6445

Richard Kilsheimer
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, New York  10022
Telephone:  (212) 687-1980
Facsimile:  (212) 687-7714

Dianne M. Nast
**RODANAST, P.C.**
801 Estelle Drive
Lancaster, Pennsylvania  17601
Telephone:  (717) 892-3000
Facsimile:  (717) 892-1200

Bryan Clobes
**CAFFERTY FAUCHER LLP**
1717 Arch Street, Suite 3610
Philadelphia, Pennsylvania  19103
Telephone:  (215) 864-2800
Facsimile:  (215) 864-2810

Robert M. Foote
**FOOTE, MEYERS, MIELKE &**
 **FLOWERS, LLC**
28 North First Street, Suite 2
Geneva, Illinois  60134
Telephone:  (630) 232-6333
Facsimile:  (630) 845-8982

***Plaintiffs' Steering Committee***

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October 2009, a true copy of the foregoing

document was served via the Court's ECF system on all filing users.

_/s/ Mary Jane Fait_____