UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE TEXT MESSAGING ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) | No. 08 C 7082 |
| | | MDL No. 1997 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | Judge Matthew F. Kennelly |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO CERTIFY FOR APPEAL THE COURT'S ORDER ON PLAINTIFFS'
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

This Court, along with many others, has wrestled with the question of the factual allegations necessary to state a claim of antitrust conspiracy under Federal Rule of Civil Procedure 8(a)(2), as construed in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). This Court held that the plaintiffs' first amended complaint failed that test, but that the second amended complaint ("SAC") did not, primarily because the SAC's more specific allegations about defendants' trade association activities were sufficient to carry the SAC's "claim of an express agreement . . . over the plausibility threshold." *See* Order, Apr. 30, 2010 Order (the "Order").

Yet at least two Courts of Appeals and three District Courts have held comparable allegations insufficient to state a claim. *See* p. 4, *infra*. District Courts in at least two other cases certified for appeal their orders declining to dismiss such complaints. *See* Order, *In re Potash Antitrust Litig.*, No. 08 C 6910 (N.D. Ill. Jan. 13, 2010) ("*In re Potash* Order"), *leave to appeal granted sub nom. Agrium, Inc., et al. v. Minn-Chem, Inc., et al.*, No. 10-8007 (7th Cir. Mar. 17, 2010); *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701 (M.D. Pa. 2009).

This Court should do so as well. The policy concern animating *Twombly* is the importance of avoiding burdensome discovery in the absence of a plausible claim of conspiracy. That policy is implicated in this case. Obtaining definitive guidance from the Seventh Circuit Court of Appeals on this question will clarify the law and speed the ultimate resolution of this case.

## ARGUMENT

The Order's holding that the SAC – unlike the previous version of the complaint – states a claim under Section 1 of the Sherman Act satisfies the criteria for interlocutory review because: (1) the Order "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" with respect to the issue presented; and (3) immediate review "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).

**1. The Question is Controlling:** The question whether the allegations of the SAC satisfy the requirements of Rule 8(a)(2) is a controlling question of law. If (as Defendants contend) the SAC failed to state a claim, then amendment of the complaint would be futile, and the litigation would be at an end. *See, e.g., Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009) (leave to amend should be denied when amendment would be futile). "The Seventh Circuit has regularly granted interlocutory appeals reviewing denials of motions to dismiss where there was a contestable application of a legal standard." *In re Potash* Order at 4 (citing *Williams v. Sims*, 390 F.3d 958 (7th Cir. 2004); *Minch v. City of Chicago*, 363 F.3d 615, 622-23 (7th Cir. 2004)).

**2. There Are Substantial Grounds for Difference of Opinion:** The fact that this Court and other District Courts have wrestled with, and come to different conclusions on, the

adequacy of complaints alleging an antitrust conspiracy demonstrates that there are substantial grounds for difference of opinion with regard to the adequacy of the SAC.

In its decision dismissing the first amended complaint, this Court discussed plaintiffs' allegations of marketplace context at length and found them insufficient. First, the fact that none of the Defendants had attempted to attract customers by reducing its rate for single-use text messages did not support any inference of agreement, given plaintiffs' claim that the wireless services industry is a concentrated industry in which "'follow-the-leader'" pricing is consistent with unilateral conduct. Mem. Op. and Order, at 15, Dec. 10, 2009, ("12/10/09 Op.") (quoting *Reserve Supply Corp. v. Owens-Corning Fiberglas Corp.*, 971 F.2d 37, 53 (7th Cir. 1992)). Second, this Court found that the price changes alleged in the complaint were neither "'complex'" nor "'historically unprecedented,'" nor did they occur "'at the very same time,'" *id.* at 16 (quoting *Twombly*, 550 U.S. at 557 n.4); furthermore, as plaintiffs alleged, there was an "'obvious alternative explanation'" for the observed price increase – that is, Defendants' wish to "encourage consumers to purchase text messaging services as part of a bundled plan." *Id.* at 17. Third, plaintiffs' allegations regarding the industry's "excess capacity" did not support an inference of conspiracy because plaintiffs failed to make any allegations regarding overall wireless services industry capacity – as opposed to capacity for text messaging in particular – and, moreover, plaintiffs alleged that defendants' wireless service prices actually declined. *Id.* at 19. Fourth, the complaint "identif[ied] several reasons why defendants' conduct 'was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-market behavior.'" *Id.* at 20 (quoting *Iqbal*, 129 S. Ct. at 1950).

This Court did not suggest that any new allegations in the SAC affected this Court's conclusion that plaintiffs' allegations of marketplace context did not support an inference of

agreement. Instead, this Court focused on the SAC's additional allegations regarding Defendants' trade association activities, finding those allegations – along with plaintiffs' more explicit allegation that the conspiracy began when all Defendants agreed to charge $.10 per text message – were sufficient to "state a claim of express agreement." *See* Order at 4.[1] This Court focused in particular on allegations that "defendants exchanged pricing information"; the allegation that the trade association was "narrowly focused on text messaging delivery and pricing"; statements that the trade association encouraged "co-opetition" and "placing the interest of the industry above and before individual companies' individual interests"; and allegations "identifying the participants in the meetings and the dates (or approximate dates) of the meetings." *Id.* at 4-5 (internal quotation marks omitted).

Plaintiffs' allegations are no different from the types of allegations that have been held inadequate by Courts of Appeals and District Courts around the country. *See*, *e.g.*, *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 910 (6th Cir. 2009); *In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007); *LaFlamme v. Societe Air France*, No. 08-CV-1079, 2010 WL 1292262, at *8 (E.D.N.Y. Apr. 5, 2010); *In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, 647 F. Supp. 2d 1250, 1257 (W.D. Wash. 2009); *In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 963 (N.D. Cal. 2007). Each of these cases involved allegations that defendants had conspired through trade associations. In all of these cases, in the absence of allegations connecting specific trade association meetings to particular instances of conspiratorial conduct, courts have heeded the admonition of the Supreme Court in *Twombly* that allegations of

---

[1] In its earlier decision, this Court concluded that plaintiffs' allegation that Defendants participated in trade associations was insufficient because plaintiffs had not made any "allegations about particular meetings at which they contend any of the defendants reached an agreement." 12/10/09 Op. at 11. "They offer no statements by any of the defendants suggesting the presence of an agreement." *Id.* at 12. "Nor do they give any indication of the terms of the alleged agreement." *Id.*

trade-association activity cannot add sufficient factual heft to support an otherwise insufficient conspiracy allegation. *See Twombly*, 550 U.S. at 567 n.12.

Here, plaintiffs' allegations do nothing to tie Defendants' alleged trade association activity to any alleged price-fixing agreement. Plaintiffs relied on public statements from several years *before* any price change that was the result of any alleged agreement; furthermore, those statements did not refer implicitly or explicitly to any agreement regarding price (as opposed to pro-competitive steps to ensure that text messages could be sent among carriers' varying technical platforms). As reflected on the face of the documents attached to the SAC, each of the alleged meetings provided an open forum for various industry participants – and thus no special opportunity for clandestine agreement. As for the generic claim that Defendants exchanged pricing data, the prior complaint contained the same allegation. *See* Corrected Consolidated Complaint ¶ 86 (alleging that Defendants "met through the CTIA on numerous occasions to discuss pricing and text messaging"); *see also id.* ¶ 90 (alleging that CTIA "continued to track competitive data, and has in fact increased its collection of information on texting"). Defendants respectfully submit that there are grounds for substantial differences of opinion on whether the new allegations in the SAC suffice to make out a claim of express agreement; that is, whether they still fail to allege the "specific time, place, or person involved in the alleged conspiracies." *Twombly*, 550 U.S. at 565 n.10.

**3.      Resolution of the Issue Will Materially Advance the Termination of this Litigation:**  If the Seventh Circuit rules that the allegations of the SAC are insufficient, this case will be over. Plaintiffs have, collectively, filed dozens of complaints; the SAC is the third consolidated complaint filed since all cases were transferred to this Court. There can be no basis

for plaintiffs to argue that further amendment would be warranted if the SAC fails to state a claim. That ruling would spare all parties and this Court a significant expenditure of resources.

**4.     The Question Presented Is of Great Importance:**   As noted above, District Courts in at least two other cases have certified comparable issues relating to the adequacy of allegations of antitrust conspiracy for interlocutory appeal; in both cases the Courts of Appeals granted review and those cases are pending. As those District Courts have recognized, guidance from the Courts of Appeals will help to "bring clarity to a still-developing area of law." *In re Chocolate*, 607 F. Supp. 2d at 708; *see also In re Potash* Order at 4-5 (noting that "[t]he Seventh Circuit has yet to provide post-*Twombly* guidance as to the factual enhancement that would support a claim under Section 1 of the Sherman Act, and other courts have reached inconsistent conclusions").

The fact that the Seventh Circuit has already granted review in *In re Potash* underscores the importance of the question presented by this case and the need for appellate clarification. This is especially true because the first issue presented in *In re Potash* is not the adequacy of the complaint's allegations of conspiracy, but whether the allegations are barred by the Foreign Trade Antitrust Improvements Act; if the Seventh Circuit decides the case on that ground, it will not have any opportunity to elaborate on the proper standard for pleading an antitrust conspiracy under Rule 8(a)(2). Just as important, as this Court has noted, the allegations in *In re Potash* – including the allegation that defendants "almost simultaneously shut down plants to cut production within a month" of a specific meeting that all of defendants' executives attended – find no counterpart in the allegations of the SAC. *See* 12/10/09 Op. at 12-13 n.1. Because the allegations in the SAC involved widely spaced changes in pricing – an exceedingly common pattern in all industries but not the focus of the conspiracy allegations in *In re Potash* – the

Seventh Circuit's analysis of the adequacy of the allegations here will provide valuable guidance for District Courts, irrespective of the outcome in the *In re Potash* appeal.

Plaintiffs' allegations concerning Defendants' trade association activities could be reproduced in slightly altered form with respect to virtually every industry. If such allegations are sufficient to state a claim of express conspiracy – even in the absence of any allegations of marketplace context that render the inference of a conspiracy plausible – then *Iqbal* and *Twombly* are all-too-easily evaded. Immediate review will forestall that result.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court amend its Order of April 30, 2010 to certify it for immediate appeal pursuant to 28 U.S.C. § 1292(b). *See also* Fed. R. App. Proc. 5(a)(3) (the District Court may amend an order to certify it for appeal).

Dated: May 14, 2010

Respectfully submitted,

| CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS | AT&T MOBILITY LLC |
|---|---|
| /s/ Dan K. Webb<br>Dan K. Webb<br>Thomas J. Frederick<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Telephone: (312) 558-5600<br>Email: dwebb@winston.com<br>Email: tfrederick@winston.com<br><br>Of Counsel:<br>John Thorne<br>Robert H. Griffen<br>VERIZON COMMUNICATIONS INC.<br>1320 N. Courthouse Road<br>Arlington, VA 22201<br>(703) 351-3900 | /s/ John W. Treece (by permission)<br>David W. Carpenter<br>John W. Treece<br>Adrienne Banks Pitts<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago , IL 60603<br>Telephone: (312) 853-7000<br>Email: dcarpenter@sidley.com<br>Email: jtreece@sidley.com<br>Email: apitts@sidley.com<br><br>*Counsel for AT&T Mobility LLC* |

| | |
|---|---|
| Email: john.thorne@verizon.com<br>Email: robert.h.griffen@verizon.com<br><br>Michael K. Kellogg<br>Aaron M. Panner<br>KELLOGG, HUBER, HANSEN, TODD,<br>EVANS & FIGEL, P.L.L.C.<br>1615 M Street, NW<br>Suite 400<br>Washington, DC 20036<br>Telephone:     (202) 326-7900<br>Facsimile:      (202) 326-7999<br>Email: apanner@khhte.com<br><br>*Counsel for Defendant Cellco*<br>*Partnership, d/b/a Verizon Wireless* | |

| T-MOBILE USA | SPRINT NEXTEL CORPORATION |
|---|---|
| /s/ Christopher B. Hockett (by permission)  <br>Christopher B. Hockett<br>Lindsay H. Tomenson<br>Stephanie E. L. McCleery<br>DAVIS POLK & WARDWELL<br>1600 El Camino Real<br>Menlo Park , CA 94025<br>Telephone:    (650) 752-2009<br>Email: chris.hockett@dpw.com<br>Email: lindsay.tomenson@dpw.com<br>Email: stephanie.lockwood@dpw.com<br><br>Charles H. R. Peters<br>Paula J. Morency<br>Lawrence Harris Heftman<br>SCHIFF HARDIN LLP<br>6600 Sears Tower<br>Chicago , IL 60606<br>Telephone:    (312) 258-5500<br>Email: cpeters@schiffhardin.com<br>Email: pmorency@schiffhardin.com<br>Email: lheftman@schiffhardin.com<br><br>*Counsel for T-Mobile USA* | /s/ Dane H. Butswinkas (by permission)  <br>Dane H. Butswinkas<br>R. Hackney Wiegmann<br>John E. Schmidtlein<br>Jason T. Wright<br>WILLIAMS & CONNOLLY LLP<br>725 12th Street, NW<br>Washington , DC 20005<br>Telephone:    (202)434-5110<br>Email:  dbutswinkas@wc.com<br>Email:  hwiegmann@wc.com<br>Email:  jschmidtlein@wc.com<br>Email:  jtwright@wc.com<br><br>Frederic R. Klein<br>Brian David Fagel<br>GOLDBERG, KOHN, BELL, BLACK, ROSENBLOOM & MORITZ, LTD.<br>55 East Monroe Street #3300<br>Chicago , IL 60603<br>Telephone:    (312)201-4000<br>Email: frederic.klein@goldbergkohn.com<br>Email: brian.fagel@goldbergkohn.com<br><br>*Counsel for Sprint Nextel Corporation* |

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 14th day of May, 2010, a true copy of the foregoing Defendants' Memorandum in Support of Their Motion to Certify for Appeal the Court's Order on Plaintiffs' Motion for Leave to File a Second Amended Complaint was served via the Court's ECF system on the following:

**Scott E Poynter**
Emerson Poynter LLP
500 President Clinton Avenue
Suite 305
Little Rock, AR 72201
(501) 907-2555

**Ronnie Penton**
Law Office of Ronnie G. Penton
209 Hoppen Place
Bogalusa, LA 70427
(985) 732-5651

**Richard J. Kilsheimer**
Kaplan, Kilsheimer & Fox LLP
805 Third Avenue
New York, NY 10022
(212) 687-1980

**Richard Lyle Coffman**
The Coffman Law Firm
505 Orleans St.
Suite 505
Beaumont, TX 77701
(409) 833-7700
Fax: (866) 835-8250
Email: rc@cofflaw.com

**Matthew E Van Tine**
Miller Law LLC
115 South LaSalle Street
Suite 2910
Chicago, IL 60603
(312) 332-3400
Fax: (312) 676-2676
Email: mvantine@millerlawllc.com

**Mary Jane Fait**
Wolf, Haldenstein, Adler, Freeman & Herz LLC (Chicago)
55 West Monroe Street
Suite 1111
Chicago, IL 60603
(312) 984-0000
Email: fait@whafh.com

**Marvin Alan Miller**
Miller Law LLC
115 South LaSalle Street
Suite 2910
Chicago, IL 60603
(312) 332-3400
Fax: (312) 676-2676
Email: Mmiller@millerlawllc.com

**Kevin B Love**
Criden & Love, P.A.
7301 SW 143 Street
Suite 515
South Miami, FL 33143
(305) 357-9000
Email: klove@cridenlove.com

**John W. Treece**
**Adrienne Banks Pitts**
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
Email: jtreece@sidley.com
Email: apitts@sidley.com

**Dianne M Nast**
Roda & Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601
(717) 892-3000

**David W Zoll**
Zoll Kranz & Borgess LLC
6620 West Central Avenue
Suite 200
Toledo, OH 43617
(419) 841-9623

**Daniel E. Becnel , Jr.**
Becnel Law Firm, LLC (Reserve)
106 W. Seventh St.
P. O. Drawer H
Reserve, LA 70084
(985) 536-1186
Email: dbecnel@becnellaw.com

**Christopher Lovell**
Lovell Stewart Halebian, LLP
500 Fifth Avenue
Floor 58
New York, NY 10110
(212) 608-1900

**Frederic R. Klein**
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.
55 East Monroe Street #3300
Chicago, IL 60603
(312)201-4000
Email: frederic.klein@goldbergkohn.com

**Dennis C. Sweet , III**
Williams Grubbs
158 East Pascagoula Street
Jackson, MS 39201
(601) 965-8700

**David P Germaine**
Vanek, Vickers & Masini, P.C.
225 W. Washington
18th Floor
Chicago, IL 60606
(312) 224-1500
Email: dgermaine@vaneklaw.com

**Dane H. Butswinkas**
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
(202) 434-5110

**Christopher B. Hockett**
**Stephanie E. L. McCleery**
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, CA 94025
(650) 752-2009
Email: chris.hockett@dpw.com
Email: stephanie.lockwood@dpw.com

11

**Camilo K. Salas , III**
Salas & Co LC
650 Poydras Street
Suite 1660
New Orleans, LA 70130
504-799-3080

**Brian David Fagel**
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.
55 East Monroe Street #3300
Chicago, IL 60603
(312)201-4000
Email: brian.fagel@goldbergkohn.com

**Reginald Terrell**
The Terrell Law Group
223 25th Street
Richmond, CA 94804
(510) 237-9700
Email: reggiet2@aol.com

**John E Tangren**
Wolf Haldenstein Adler Freeman & Herz LLC
55 West Monroe Street
Suite 1111
Chicago, IL 60603
(312) 984-0000
Email: tangren@whafh.com

**Charles F. Barrett**
Barrett & Associates P.A.
6518 Hwy. 100
Suite 210
Nashville, TN 37205
(615) 515-3393
Email: cb@barrettandassociates.net

**Bryan L. Clobes**
Cafferty Faucher, LLP
1717 Arch Street
Suite 3610
Philadelphia, PA 19103
(215) 864-2800
Email: bclobes@caffertyfaucher.com

**Lori Ann Fanning**
Miller Law LLC
115 South LaSalle Street
Suite 2910
Chicago, IL 60603
(312) 332-3400
Fax: (312) 676-2676
Email: LFanning@MillerLawLLC.com

**Joe R. Whatley , Jr.**
Whatley Drake & Kallas LLC
1540 Broadway
37th Floor
New York, NY 10036
(212) 447 7070
Email: jwhatley@wdklaw.com

**Jonathan B. Andry**
The Andry Law Firm
610 Baronne Street
New Orleans, LA 70113
(504) 586-8899
Fax: (504) 586-8933
Email: johnandry@yahoo.com

**Alltel Corp.**
One Allied Drive
Little Rock, AR 72202

**T-Mobile International AG**
Landgrabenweg 151
53227 Bonn
Germany

**Vodafone Group PLC**
Vodafone House
The Connections
Newbury
Berkshire
RG142FN England

**Charles H. R. Peters**
**Lawrence Harris Heftman**
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500
Email: cpeters@schiffhardin.com
Email: lheftman@schiffhardin.com

**Scott Wm Weinstein**
Morgan & Morgan, P.A.
P. O. Box 9504
Fort Myers, FL 33906
(239) 433-6880
Email: sweinstein@forthepeople.com

**Verizon Wireless**
One Verizon Way
Basking Ridge, NJ 07920

**William Tucker Brown**
Whatley Drake & Kallas, LLC
1000 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
(205) 328-9576
Email: tbrown@wdklaw.com

**Frank H Tomlinson**
15 North 21st Street, Suite 302
Birmingham, AL 35203
(205) 326-6626
Fax: (205) 328-2889
Email: htomlinson@bellsouth.com

**Robert W. Bishop**
Bishop & Associates, PSC
6520 Glenridge Park
Suite 6
Louisville, KY 40222-9998
(502) 425-2600
Fax: (502)-425-9115
Email: firm@bishoplegal.net

/s/ Thomas J. Frederick\_\_\_\_

CHI:2401201.1