UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| IN RE TEXT MESSAGING ANTITRUST LITIGATION ) ) ) ) ) | No. 08 C 7082 MDL No. 1997 Judge Matthew F. Kennelly |
| THIS DOCUMENT RELATES TO: ALL NATIONAL[1] ACTIONS ) ) ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO
CERTIFY FOR APPEAL THE COURT'S ORDER ON PLAINTIFFS'
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Interlocutory appeal is not appropriate in this case under the standard of 28 U.S.C. § 1292(b). This Court held, after due consideration, that Plaintiffs' Second Amended Consolidated Class Action Complaint ("Complaint") satisfies Federal Rule of Civil Procedure 8(a)(2), as interpreted by *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Defendants' motion incorrectly casts doubt upon the Court's holding and proposes that this case be further delayed and at greater cost to the parties. Defendants argue that an interlocutory appeal will allegedly further develop Seventh Circuit jurisprudence regarding *Twombly*. However, the Seventh Circuit has already applied *Twombly* in 86 published and unpublished decisions. There is no dearth of Seventh Circuit precedent applying *Twombly*.

Moreover, this Court has already taken appropriate precautions to avoid burdening the parties with unnecessary and protracted proceedings. The Court expressed its intent to move this case quickly to test Plaintiffs' allegations of Defendants' agreement. The latter course will more

---

[1] This First Set of Production Requests to Defendants relates to all actions consolidated in MDL No. 1997 except *Jackson et al. v. Sprint Nextel Corp.*, No. 09-cv-2192.

1

efficiently aid the rapid resolution of this matter, given the sufficient nature of the evidence already pled.

## LEGAL STANDARD

Appellate jurisdiction is ordinarily limited to review of final decisions by the district courts. *United States v. Ewing*, 494 F.3d 607, 614 (7th Cir. 2007) (*citing* 28 U.S.C. § 1291). Accordingly, piecemeal appeals are ***strongly*** disfavored under federal law. *Freeman v. Kohl & Vick Mach. Works, Inc.*, 673 F.2d 196, 201 (7th Cir. 1982) (emphasis added) (*citing Switzerland Cheese Assoc. v. Horne's Market*, 385 U.S. 23, 24 (1966)). Accordingly, certification for interlocutory appeal is to be granted "sparingly." *Asher v. Baxter Int'l, Inc.,* 505 F.3d 736, 741 (7th Cir. 2007); *Village of Schaumburg v. St. Paul Mercury Ins. Co.*, No. 07 C 6654, 2009 WL 1409699, at *3 (N.D. Ill. May 20, 2009) (citations omitted). Certification is not intended, and should not be permitted, simply to provide review of difficult decisions in hard cases. *Boese v. Paramount Pictures Corp.,* 952 F. Supp. 550, 560 (N.D. Ill. 1996) (citations omitted); *Leff v. Deutsche Bank AG*, No. 08-CV-733, 2009 WL 4043375, at *2 (N.D. Ill. Nov. 20, 2009); *Amoroso v. Crescent Private Capital, L.P.*, No. 02 C 1453, 2003 WL 22839807, at *3 (N.D. Ill. Nov. 26, 2003); *Praxair, Inc. v. Hinshaw & Culbertson,* No. 97 C 3079, 1997 WL 662530, at *2 (N.D. Ill. Oct. 15, 1997) (citations omitted).

Because departure from the final judgment rule is justified only in exceptional cases, a party seeking interlocutory review bears a heavy burden. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474-75 (1978) (*citing Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)); *United States v. Anchor Mortg. Corp.*, No. 06 C 0210, 2009 WL 1034562, at *2 (N.D. Ill. Apr. 14, 2009) (citations omitted). Even then, the decision to certify an order for

interlocutory appeal rests entirely within the district court's discretion. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995); *Boese*, 952 F. Supp. at 560 (*citing Swint*).

The Seventh Circuit has held that "[i]nterlocutory appeal is appropriate when (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the opinion sought to be appealed." *Boim v. Quranic Literacy Inst. and Holy Land Found. for Relief and Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002) (*citing Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000)). *See also Phipps v. Sheriff of Cook County*, 681 F. Supp. 2d 899, 925 (N.D. Ill. 2009) (*citing Boim*). These "criteria are conjunctive, not disjunctive." *Ahrenholz,* 219 F.3d at 676. Accordingly, "[u]nless *all* these criteria are satisfied, the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b)." *Id.* (emphasis in original).

Where the criteria are not satisfied, certification would merely "waste [the Court of Appeals'] time and delay the litigation in the district court, since the proceeding in that court normally grinds to a halt as soon as the judge certifies an order in the case for an immediate appeal." *Id.*; *see also Leff*, 2009 WL 4043375, at *2 (*citing Ahrenholz*).

**ARGUMENT**

### 1. This Court's Ruling Is Not Contestable.

"A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling question of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2009 WL 5579006, at *6 (N.D. Ill. Nov. 23, 2009) (citations omitted). Because this Court's decision is well within the parameters of controlling

3

authority, it is not *substantially likely* that the Court of Appeals would reverse this Court's opinion, and it is therefore not contestable. The mere "possibility" of reversal is not a substantial likelihood, nor does it provide sufficient grounds for interlocutory review. *Id.* (noting that movant has burden to prove that the Court is substantially likely to be reversed on appeal).

This Court has determined that Plaintiffs' Complaint satisfies the controlling *Twombly* standard. Specifically, the Court held that Plaintiffs' Complaint alleges an agreement in its assertion that "the defendants 'agreed to uniformly charge an unprecedented common per-unit price of ten cents for text messaging services,'" and that the Complaint contains sufficient additional support for its allegations of an agreement to "carr[y] plaintiffs over the plausibility threshold." *In re Text Messaging Antitrust Litig.,* MDL No. 1997 (N.D. Ill. Apr. 30, 2010) ("Slip. Op."), at 4 (*quoting* Complaint ¶ 80). As the Court observed, "[c]ritical among plaintiffs' additions to the complaint are the allegations that the defendants exchanged pricing information at meetings of an industry group whose express purpose was to favor the group as a whole over its individual members, as well as the allegations identifying the participants in the meetings and the dates (or approximate dates) of the meetings." *Id.* at 5. The Court further held that the Complaint contains "specifics about the time, place, and attendees" at these meetings, alleges that Defendants "agreed in at least some of these meetings to raise prices by a certain amount within a certain time frame," and provides "specificity and detail that lends plausibility to plaintiffs' claim of a conspiracy to fix prices." *Id.* at 6. Plaintiffs did not merely allege membership in a trade association; rather, Plaintiffs' allegations specifically advanced instances of meetings and specific communications regarding text messaging prices through the trade association. In so deciding, the Court observed that the allegations in Plaintiffs' first amended

complaint had to be read anew in light of the additional allegations of the Complaint and that the Complaint helps to clarify some of those earlier allegations. *Id.* at 6-7.

In contrast with this Court's opinion, Defendants' interpretation of the pleading standard violates the Seventh Circuit's directive that *Twombly* "must not be over-read." *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008) (noting that the *Twombly* Court specifically "denied that it was 'requir[ing] heightened fact pleading of specifics"). Under Defendants' proposed rule, Plaintiffs would be required to plead detailed evidence, including information that could only be ascertained in discovery, before any discovery has been permitted to take place. *Twombly* expressly teaches that a complaint need *not* set forth such "detailed factual allegations." 550 U.S. at 555. It need only "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Id.* at 570. As this Court earlier reminded Defendants, "[n]either *Twombly* nor *Iqbal* requires a plaintiff to prove his case in the complaint, nor do they impose a summary judgment-like standard to be applied at the pleading stage." Slip. Op. at 7.

In their argument for certification, Defendants largely rehash the Court's opinion on the previous *first* amended complaint and cite cases that are distinguishable. *See In re Travel Agent Comm'n Antitrust Litig.,* 583 F.3d 896, 905 (6th Cir. 2009) (complaint's conclusory allegations of parallel activity and an opportunity to conspire not enough); *In re Elevator Antitrust Litig.,* 502 F.3d 47, 50-51 (2d Cir. 2007) ("nothing more than a list of theoretical possibilities" of parallel conduct and misconduct in Europe not sufficient to state a claim for an agreement in the United States market); *LaFlamme v. Société Air France,* No. 08-CV-1079, 2010 WL 1292262, at *8 (E.D.N.Y. Apr. 5, 2010) (tentative allegations of appearance of parallel conduct and membership in trade association insufficient); *In re Hawaiian & Guamanian Cabotage Antitrust Litig.,* 647 F. Supp. 2d 1250, 1256-57 (W.D. Wash. 2009) (parallel conduct, membership in trade

5

association, and misconduct in Puerto Rico insufficient to state a claim of agreement concerning Hawaiian and Guamanian markets); *In re Late Fee and Over-Limit Fee Litig.,* 528 F. Supp. 2d 953, 962-63 (N.D. Cal. 2007) (parallel conduct, membership in trade associations, and membership in credit card networks insufficient). These cases concededly failed to allege the factual detail alleged in the Complaint here.

### 2. **Interlocutory Appeal Would Not Expedite Resolution of this Case.**

For the reasons set forth above, it is doubtful that the Seventh Circuit would accept a certified appeal in this case. *See In re Ford Motor Co.,* 344 F.3d 648, 654 (7th Cir. 2003) ("[B]oth the district court and the court of appeals must agree that the case is a proper candidate for immediate review before the normal rule requiring a final judgment will be overridden."). Even if it did, however, such an appeal would not expedite resolution of this case. First, because Plaintiffs' Complaint – as this Court has found – is sufficient, an appeal would only serve to delay progress in this case. Second, under Plaintiffs' newly proposed schedule, which anticipates limited expedited discovery to test whether Plaintiffs can establish their allegations through evidence, (*see* Plaintiffs' Revised Position Paper Pertaining to Discovery Parameters and Scheduling, attached hereto as Ex. "A"), there is no need for interlocutory appeal. The Court and the parties will learn quickly whether discovery supports Plaintiffs' allegations. If additional evidence supports the averred allegations, as Plaintiffs believe it will, no doubt will remain that Plaintiffs' claims are indeed sufficient to go to trial, well beyond the question of whether Plaintiffs' Complaint meets the pleading standard.

### 3. The Standard for Certifying a Case for Interlocutory Appeal Is Not Whether the Issue Is of "Great Importance," But Even If It Were, <u>the Question Defendants Raise Would Not Qualify.</u>

Whether an issue is of "great importance" is not among the criteria for determining whether to certify a case for interlocutory appeal, contrary to Defendants' assertion (*see* Defs.' Mem. at 6). *See Boim,* 291 F.3d at 1007; *Ahrenholz,* 219 F.3d at 675. Even if it were, however, there is no question of "great importance" to be resolved by an immediate appeal in this case. Defendants' only argument in support is that certification will bring clarity to "a still-developing area of law." (Defs.' Mem. at 6.) The same clarity can be sought after a final order is issued subsequent to limited expedited discovery and a decision on the merits. This Court's ruling as to the Complaint was based on controlling precedent and, while it is of direct importance to the parties, it does not raise any question of otherwise great importance that would require, or warrant, an interlocutory decision by the Court of Appeals.

Defendants' argument that despite the § 1292(b) factors, an interlocutory appeal is absolutely necessary at the instant juncture to provide an additional interpretation of *Twombly* is logically and empirically unsubstantiated. District courts throughout the country have consistently held the application of *Twombly* to not present a certifiable issue. *See, e.g.*, *Dahl v. Bain Capital Partners, LLC*, 597 F. Supp. 2d 211, 213 (D. Mass. 2009); *Murray v. Geithner*, No. 08-15147, 2010 WL 431730, at *5 (E.D. Mich. Feb. 2, 2010). In *Dahl,* the court explained that "*Twombly* requires that an anti-trust complaint 'plausibly suggest' illegal agreement in order to survive a motion to dismiss," and that the facts pled in *Dahl* plausibly suggested such an agreement, rather than allegations of mere parallel conduct. 597 F. Supp. 2d at 213 (*quoting Twombly,* 550 U.S. at 557). Since "[o]pinions [could not] differ that the pleadings satisf[ied] *Twombly,*" the *Dahl* court concluded that no substantial grounds for a difference of opinion

7

supporting interlocutory appeal existed. *Id.*; *see also Murray,* 2010 WL 431730, at *5 (holding that because the complaint contained "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" under *Iqbal* and *Twombly*, there were no substantial grounds for a difference of opinion to support interlocutory review) (citations and internal quotations omitted).

The Seventh Circuit itself has applied *Twombly* in no less than 86 opinions. Moreover, while the Seventh Circuit has granted interlocutory review in *In re Potash Antitrust Litigation* – as Defendants acknowledge (*see* Def. Mem. at 6), one of the primary issues on appeal in that case was whether the allegations are barred by the Foreign Trade Antitrust Improvements Act ("FTAIA"), an issue not present here. Indeed, Defendants urge the possibility that the Court of Appeals may resolve the *Potash* case through its ruling on the FTAIA and never reach the *Twombly* issue. (*See* Def. Mem. at 6). Given that no written decision explicitly explains the Seventh Circuit's reasoning for accepting the *Potash* request, such decision hardly supports Defendants' argument. Additionally, the Seventh Circuit's potential decision to rule upon the *Twombly* matter in *Potash* does not affect the analysis, as the Court of Appeals is free to address any issue within a certified order, whether or not that issue is central to the appeal. *See Rumpke of Ind., Inc. v. Cummins Engine Co., Inc.*, 107 F.3d 1235, 1239 (7th Cir. 1997).

In fact, while Defendants highlight *In re Chocolate Confectionary Antitrust Litig.,* 607 F. Supp. 2d 701 (M.D. Pa. 2009) in support of certification, the Third Circuit actually ***declined*** to accept interlocutory appeal in that case. *See In re Chocolate Confectionary Antitrust Litig.,* Misc. No. 09-8027, Order (3d Cir. May 11, 2009) (attached hereto as Ex. "B"). This further suggests that Defendants' insistence upon the "great importance" of a similar appeal here represents an overzealous and inaccurate view. The fact that an interlocutory appeal was

allowed in *Potash*, or in another court outside this circuit, cannot supply a justification to certify the appeal here. Other courts' exercise of their discretion to grant interlocutory review add nothing to Defendants' argument – "me too" is not an appropriate ground for appeal under § 1292(b).

Even if the Seventh Circuit does reach the *Twombly* issues in the *Potash* appeal, it would be more efficient for this Court to proceed with limited discovery in this case rather than allow an interlocutory appeal. If the Seventh Circuit's opinion in *Potash* turns out to be relevant to this Court's ruling here, this Court can then be guided by what the Seventh Circuit has held in that case without holding up this case in the interim. There is no need for the Seventh Circuit to resolve two antitrust *Twombly* issues in such close succession.

## **CONCLUSION**

For all of these reasons, this Court should deny Defendants' request to certify its Order of April 30, 2010 for interlocutory appeal.

DATED:    June 8, 2010        Respectfully submitted,

    /s/ Mary Jane Fait
Mary Jane Fait
John E. Tangren
Michael D. Yanovsky
**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLC**
55 W. Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: (312) 984-0000
Facsimile: (312) 984-0001

*Plaintiffs' Liaison Counsel*

9

Marvin A. Miller
**MILLER LAW LLC**
115 South LaSalle Street, Suite 2910
Chicago, Illinois  60603
Telephone:  (312) 332-3400
Facsimile:  (312) 676-2676

Christopher Lovell
**LOVELL STEWART HALEBIAN, LLP**
61 Broadway, Suite 501
New York, New York 10006
Telephone:  (212) 608-1900
Facsimile:  (212) 719-4677

Joe R. Whatley Jr.
**WHATLEY DRAKE & KALLAS**
1540 Broadway, 37th Floor
New York, New York 10036
Telephone:  (212) 447-7070
Facsimile:  (212) 447-7077

Daniel E. Becnel, Jr.
**BECNEL LAW FIRM, LLC**
P.O. Drawer H
106 West Seventh Street
Reserve, Louisiana  70084
Telephone:  (985) 536-1186
Facsimile:  (985) 536-6445

Richard Kilsheimer
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, New York  10022
Telephone:  (212) 687-1980
Facsimile:  (212) 687-7714

Dianne M. Nast
**RODANAST, P.C.**
801 Estelle Drive
Lancaster, Pennsylvania  17601
Telephone:  (717) 892-3000
Facsimile:  (717) 892-1200

Bryan Clobes
**CAFFERTY FAUCHER LLP**
1717 Arch Street, Suite 3610
Philadelphia, Pennsylvania  19103
Telephone:  (215) 864-2800
Facsimile:  (215) 864-2810

Robert M. Foote
**FOOTE, MEYERS, MIELKE &
 FLOWERS, LLC**
28 North First Street, Suite 2
Geneva, Illinois  60134
Telephone:  (630) 232-6333
Facsimile:  **(**630) 845-8982

*Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of June, 2010, copies of ***Plaintiffs' Opposition to Defendants' Motion to Certify for Appeal the Court's Order on Plaintiffs' Motion for Leave to File a Second Amended Complaint*** were served by causing a true and correct copy of same to be delivered to all Filing Users through the Court's ECF system.

              /s/ Mary Jane Fait
               Mary Jane Fait