UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN re: TEXT MESSAGING ANTITRUST LITIGATION ) ) ) ) | MDL No. 1997 Case No. 08 C 7082 |
| This Document Relates To: ALL RELATED ACTIONS ) ) ) ) ) | Judge Matthew F. Kennelly |

**JOINT STATUS REPORT**

Pursuant to the Court's December 30, 2010 Order, the parties hereby submit this joint status report setting forth their respective proposed schedules:

**Plaintiffs' Position**

Pursuant to this Court's December 30, 2010 minute entry (Dkt. No. 219), counsel for Plaintiffs conferred by telephone on January 10, 2011 with counsel for Defendants, but were unable to reach agreement as to a proposed schedule for this matter. Plaintiffs therefore submit their proposed schedule and status report in this position statement explaining their views regarding scheduling and discovery issues.

Defendants essentially propose the same schedule as the one they proposed on May 17, 2010, not allowing plaintiffs to take any discovery at this stage unless it relates to (a) "[w]hether there was an express agreement among Defendants to fix prices"; (b) "the process by which Defendants decided to make changes in their prices for pay-per-use text messaging services from 2006 to 2009"; or (c) "Plaintiffs' allegations specifically identified at pages 4-5 of this Court's Memorandum and Order dated April 30, 2010 granting Plaintiffs' Motion for Leave to File a Second Amended Complaint[.]" (*See infra* Defendants' Position.) Defendants' current proposal

1

ignores the fact that this matter is in a very different posture now than in May 2010 and is irreconcilable with the Seventh Circuit's decision affirming this Court's denial of Defendants' motion to dismiss.

When the parties were previously before this Court on scheduling issues in May 2010, this Court had recently granted Plaintiffs leave to file an amended complaint "on the ground that . . . the plaintiffs had adequately stated a claim of an actual agreement as opposed to a sort of inferential kind of thing." (Exhibit A, May 18, 2010 Hr'g Tr. at 9.) Defendants had also just filed a motion for interlocutory appeal challenging this Court's ruling (Dkt. Nos. 157–58), a motion this Court would later grant (see Dkt. No. 215). Under those circumstances, it might have been appropriate, as this Court suggested, to proceed with "some sort of phasing to find out whether there actually is any evidence that would support a claim of actual agreement" (Ex. A at 9), and Plaintiffs were prepared to do so (*see* Dkt. No. 176 Ex. A, Plaintiffs' Revised Position Paper Pertaining to Discovery Parameters and Scheduling).

The Seventh Circuit's December 29, 2010 opinion (attached as Exhibit B), however, has redrawn the legal landscape of this price-fixing class action. The Seventh Circuit made clear that Plaintiffs' Second Amended Complaint sufficiently alleges a price-fixing conspiracy as "an inference from circumstantial evidence." (Ex. B at 12.) The circumstantial evidence highlighted in the Seventh Circuit's opinion includes:

- "a mixture of parallel behaviors, details of industry structure, and industry practices, that facilitate collusion" (*id.* at 9);

- "that the defendants belonged to a trade association and exchanged price information directly at association meetings (*id.* at 10);

- "that the defendants, along with two other large sellers of text messaging services, constituted and met with each other in an elite 'leadership council'" whose "stated mission was to urge its members to substitute 'co-opetition' for competition" (*id.*);

2

- "that in the face of steeply falling costs, the defendants increased their prices" (*id.*); and

- "that all at once the defendants changed their pricing structures, which were heterogeneous and complex, to a uniform pricing structure, and then simultaneously jacked up their prices by a third" (*id.*).

The Seventh Circuit concluded that this evidence "provides a sufficiently plausible case of price fixing to warrant allowing the plaintiffs to proceed to discovery." (Ex. B at 13.) There is nothing in the Seventh Circuit's opinion to support limiting discovery to evidence of "an actual agreement" (or any other limitation). Indeed, the Seventh Circuit expressly envisioned that discovery may "bring to light additional circumstantial evidence that further tilts the balance in favor of liability." (*Id.*)

In short, there is no longer any uncertainty about whether Plaintiffs have stated a claim of antitrust conspiracy against Defendants that would justify a departure from the ordinary course of litigation. Full discovery should commence as soon as possible, consistent with the Seventh Circuit's opinion. To that end, Plaintiffs propose the below schedule:

| | |
|---|---|
| Motions for Entry of Proposed Orders Governing Discovery, including Document Preservation Order, Order Governing Discovery of Expert Materials, and Protective Order Regarding Confidentiality | January 24, 2011 |
| Discovery Commences | January 24, 2011 |
| Exchange of Initial Disclosures under Fed. R. Civ. P. 26(a) | February 7, 2011 |
| Completion of Production of all Documents Produced by Defendants in Connection with the Department of Justice and Senate Investigations | February 7, 2011 |
| Deadline for Amendments to Pleadings and Joinder of Additional Parties | August 30, 2011 |
| Filing of Plaintiffs' Motion for Class Certification | December 20, 2011 |
| Plaintiffs' Expert's Back-up materials and analyses served on Defendants | December 21, 2011 |
| Plaintiffs' Expert will be deposed by Defendants at the latest | February 3, 2012 |

| | |
|---|---|
| Filing of Defendants' Response to Plaintiffs' Class Certification Motion | February 21, 2012 |
| Defendants' Expert's Back-up materials and analyses served on Plaintiffs | February 22, 2012 |
| Defendants' Expert will be deposed by Plaintiffs at the latest | March 23, 2012 |
| Filing of Plaintiffs' Reply in Support of Their Class Certification Motion | April 10, 2012 |
| Plaintiffs' Expert's Back-up materials and analyses served on Defendants | April 11, 2012 |
| Close of Fact Discovery | July 13, 2012 |
| Designation of Plaintiffs' Trial Expert(s) | August 7, 2012 |
| Designation of Defendants' Trial Expert(s) | September 18, 2012 |
| Designation of Plaintiffs' Rebuttal Expert(s) | October 2, 2012 |
| Close of Expert Discovery | October 26, 2012 |
| Deadline for Dispositive Motions | November 13, 2012 |

This proposed schedule reflects Plaintiffs' belief that, despite all of its procedural and factual complexities, this case can be readied for trial in less than two years if the parties act in good faith and not engage in unnecessary discovery disputes or procedural delays. This Court should adopt Plaintiffs' proposed schedule.

**Defendants' Position**

Defendants believe discovery should proceed in phases, with the initial phase being limited to (1) whether there was an express agreement among Defendants to fix prices, (2) the process by which Defendants decided to make changes in their prices for pay-per-use text messaging services from 2006 to 2009, and (3) Plaintiffs' new allegations relating to WIC and

4

the CTIA that the Court held were critical to Plaintiffs' ability to state a claim. *See* April 30, 2010 Memorandum Opinion and Order ("Order"), at 4-5, as follows:[1]

| | |
|---|---|
| Phase I discovery commences limited to (a) whether there was an express agreement among Defendants to fix prices, (b) the process by which Defendants decided to make changes in their prices for pay-per-use text messaging services from 2006 to 2009, and (c) Plaintiffs' allegations specifically identified at pages 4-5 of this Court's Memorandum Opinion and Order dated April 30, 2010 granting Plaintiffs' Motion for Leave to File a Second Amended Complaint | January 24, 2011 |
| Phase I discovery concludes | July 29, 2011 |
| Deadline for filing Phase I summary judgment motions and supporting memoranda (limited to 35 pages exclusive of exhibits) | August 19, 2011 |
| Deadline for filing opposition memoranda to Phase I summary judgment motions (limited to 35 pages exclusive of exhibits) | September 23, 2011 |
| Deadline for filing reply memoranda in support of Phase I summary judgment motions (limited to 20 pages exclusive of exhibits) | October 7, 2011 |
| Hearing on Phase I summary judgment motions | TBD |

As suggested above, Defendants anticipate filing a summary judgment motion at the conclusion of this initial phase of discovery, which, if successful, would resolve this litigation. *See, e.g., Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008) (noting defense summary judgment motion proper before class certification decision); *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995) ("The bank elected to move for summary judgment before

---

[1] After the Court granted Defendants' motion to dismiss the First Amended Complaint, the Court found that the addition of six specific allegations about WIC and the CTIA saved the Second Amended Complaint from dismissal. In similar circumstances, courts have limited initial discovery to the new allegations. *See, e.g., Turman v. Commonwealth Edison Co.*, No. 86 C 136, 1986 WL 5018, *2-3 (N.D. Ill. Apr. 22, 1986) (after court granted motion to dismiss but allowed amendment concerning facts relating to timeliness of filing, discovery limited to the timeliness issue); *Smith-Victor Corp. v. Sylvania Elec. Prods., Inc.*, 242 F. Supp. 302, 314 (N.D. Ill. 1965) (after court dismissed monopolization count because of deficiencies in allegations regarding monopoly power, court allowed amendment to cure deficiency but limited discovery to determine whether defendant "has the power to monopolize that market").

the district judge decided whether to certify the suit as a class action. This is a recognized tactic, and does not seem to us improper.") (internal cites omitted). Such an approach would allow Plaintiffs to seek discovery to support their essential allegations, without, as Plaintiffs' proposed scheduling order would do, throwing opening the floodgates of discovery as cautioned against by the Supreme Court. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (noting the enormous potential expense of discovery in large class actions alleging antitrust violations, and recognizing the difficulty of judicial supervision to check discovery abuse), *citing* F. Easterbrook, *Discovery as Abuse*, 69 B. U. L. Rev. 635, 638 (1989).

Like Plaintiffs' proposed scheduling order, Defendants' proposed order is similar in concept to what they proposed in May 2010. However, Defendants' proposed order takes account of the Seventh Circuit's intervening decision in *In re Text Messaging Antitrust Litig.*, No. 10-8037, slip op. (7th Cir. Dec. 29, 2010),[2] by expanding the scope of proposed Phase I discovery to encompass whether Defendants had any express agreement to fix prices and the process by which Defendants decided to make changes in their prices for pay-per-use text messaging services from 2006 to 2009. Defendants believe this approach will permit Plaintiffs fair opportunity to establish their claims. For example, among other materials, Verizon Wireless anticipates producing the documents it provided to the U.S. Department of Justice in connection with its now-closed inquiry into this matter, comprising more than 40,000 pages of documents.

In comparing the parties' similar proposals last May, this Court stated "what I had in mind was something sort of along the lines of what the defendants had proposed" and that it was considering "some sort of phasing to find out whether there actually is any evidence that would

---

[2] Defendants Verizon Wireless and AT&T Mobility LLC are filing a petition for rehearing with respect to this decision in the Seventh Circuit today.

6

support a claim of actual agreement." May 18, 2010 Tr. at 9 (Ex. A). Defendants believe this remains the proper approach in a case of this size. Plaintiffs' approach – which envisions 21 months of full-blown fact and expert discovery before any dispositive motions are filed – will throw the floodgates of discovery wide open before Plaintiffs have shown they have any evidence to support their claims.

Dated: January 12, 2011

Respectfully submitted:

| | |
|---|---|
| **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC** | **WINSTON & STRAWN LLC** |
| /s/ Mary Jane Fait | /s/ Thomas J. Frederick |
| 55 W. Monroe Street, Suite 1111 | 35 West Wacker Drive |
| Chicago, Illinois 60603 | Chicago, Illinois 60603 |
| T: (312) 984-0000 | T: (312) 558-5600 |
| *Liaison Counsel for Plaintiffs* | *Liaison Counsel for Defendants* |

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January, 2011 copies of *Joint Status Report* were served by causing a true and correct copy of same to be delivered to all Filing Users through the Court's ECF system.

                                                    /s/ Mary Jane Fait
                                                    Mary Jane Fait