IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: TEXT MESSAGING ANTITRUST LITIGATION | ) ) ) | Case No. 08 C 7082 MDL No. 1997 |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| QUIN JACKSON & DAVID WHITWORTH, on behalf of themselves and a class of others similarly situated, | ) ) ) ) | Case No. 09 C 2192 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| SPRINT NEXTEL CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case is one of around three dozen transferred to this Court by the Judicial Panel on Multidistrict Litigation (JPML) pursuant to 28 U.S.C. § 1407. Plaintiffs have sued Sprint Nextel Corporation (Sprint) for alleged violations of the section of the Kansas Unfair Trade and Consumer Protection Act dealing with antitrust violations, Kan. Stat. § 50-112.

Plaintiffs initially filed this case in Kansas state court. Sprint then removed the case to federal court. This Court subsequently granted plaintiffs' motion to remand the case to the District Court of Douglas County, Kansas, based on the "home-state

1

exception" in 28 U.S.C. § 1332(d)(4)(B).  *See In re Text Messaging Antitrust Litig.*, Nos. 08 C 7082 & 09 C 2192 (MDL No. 1997), 2009 WL 2488301 (N.D. Ill. Aug. 13, 2009). On appeal, the Seventh Circuit reversed and remanded, instructing this Court to "give the plaintiffs another opportunity to prove that the proposed class satisfies the requirements of the home-state exception." *In re Sprint Nextel Corp.*, 593 F.3d 669, 676 (7th Cir. 2010).

Following remand, the parties conducted jurisdictional discovery.  Plaintiffs now move this Court a second time for remand to Kansas state court.  For the reasons stated below, the Court grants plaintiffs' motion.

**Background**

Plaintiffs' complaint alleges that Sprint, a Kansas corporation, conspired with other cell phone providers to impose artificially high prices for text-message service. Plaintiffs bring the suit on behalf of themselves and all individuals who purchased texting from Sprint or an alleged co-conspirator from January 1, 2005 to the present; had a Kansas cell phone number; received their cell phone bill at a Kansas mailing address; and paid a Kansas "USF fee."  Plaintiffs exclude from the proposed class all government entities, as well as Sprint and its parents, affiliates, subsidiaries, officers, and directors.

Sprint removed the case to the United States District Court for the District of Kansas on the basis of the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d)(2).  Pursuant to that provision of CAFA, federal courts have subject matter jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 [and] . . . any member of a class of plaintiffs is a citizen of a State

2

different from any defendant." 28 U.S.C. § 1332(d)(2). The JPML transferred the case to this Court. This Court then held that it had subject matter jurisdiction over the case under section 1332(d)(2). *See In re Text Messaging Antitrust Litig.*, 2009 WL 2488301, at *1-2.

Plaintiffs moved for remand of the case to Kansas state court based on the "home-state exception" in section 1332(d)(4)(B). Pursuant to that provision, a federal district court must decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Neither party disputed that Sprint, the sole defendant, is a Kansas citizen. To establish the Kansas citizenship of two-thirds of the proposed class members, plaintiffs relied on the fact that the class was defined to include only members with Kansas billing addresses and cell phone numbers. This Court held that plaintiffs had established eligibility for the home-state exception and granted the motion for remand. *In re Text Messaging Antitrust Litig.*, 2009 WL 2488301, at *2-4.

On appeal, the Seventh Circuit reversed. *In re Sprint Nextel Corp.*, 593 F.3d at 676. The Seventh Circuit held that "a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses." *Id.* at 674. Instead, the Court clarified that plaintiffs could have established eligibility for the home-state exception through one of two approaches:

> For starters, . . . they might have submitted evidence that two-thirds of the class members were indeed Kansas domiciliaries or businesses. Given that there are probably hundreds of thousands of putative class members, if not more, it would be infeasible to document each class member's citizenship individually, but the district court could have relied on evidence going to the citizenship of a

3

> representative sample. This evidence might have included affidavits or survey responses in which putative class members reveal whether they intend to remain in Kansas indefinitely, or, if they are businesses, their citizenship under the relevant test. Given those results and the size of the sample and the estimated size of the proposed class, the district court could then have used statistical principles to reach a conclusion as to the likelihood that two-thirds or more of the proposed class members are citizens of Kansas. Statisticians and scientists usually want at least 95 percent certainty, but any number greater than 50 percent would have allowed the district court to conclude that the plaintiffs had established the citizenship requirement by a preponderance of the evidence.
>
> Alternatively, the plaintiffs might have defined their class as all Kansas citizens who purchased text messaging from Sprint Nextel or an alleged coconspirator. . . .

*In re Sprint Nextel Corp.*, 593 F.3d at 675-76.

Following remand, the parties conducted jurisdictional discovery. Plaintiffs obtained updated customer information from Sprint and its alleged co-conspirators. Next, they conducted a telephone survey of a random sample of proposed class members. Plaintiffs then executed a search of voter registration, driver's license, and Internet information to ascertain the citizenship of individuals in the sample who failed to complete the survey. For businesses in the sample that failed to complete the survey, plaintiffs obtained "State of Organization" information from the Kansas Secretary of State website and conducted Internet searches to identify the businesses' principle places of business and the location of their corporate headquarters.

Plaintiffs now move this Court a second time for remand to the District Court for Douglas County, Kansas.

**Discussion**

As indicated earlier, under CAFA, a federal district court must decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate,

4

and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The party seeking remand bears the burden of establishing eligibility for the home-state exception by a preponderance of the evidence. *In re Sprint Nextel Corp.*, 593 F.3d at 673. In this case, the only disputed issue is whether plaintiffs have demonstrated that two-thirds of their proposed class members are Kansas citizens.

An individual is a citizen of the state in which he or she resides and intends to remain. *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). "[A] corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business." *Galva Foundry Co.*, 924 F.2d at 730 (citing 28 U.S.C. § 1332(c)(1)).

Plaintiffs contend that they have now established by a preponderance of the evidence that at least two-thirds of the proposed class consists of Kansas citizens. The Court agrees. Over eighty-five percent of individuals who responded to plaintiffs' telephone survey confirmed both that they reside in Kansas and do not plan to move from Kansas in the near future. Likewise, over two-thirds of the business survey respondents stated that their business is either incorporated and headquartered in Kansas or has its principal place of business in Kansas.

Sprint faults the plaintiffs for obtaining telephone survey responses from only fifteen percent of the sample population. Indeed, plaintiffs' expert, Dr. Joseph Kadane, voiced concern in a deposition that the survey results were vulnerable to sample bias if non-respondents were less likely to be Kansas citizens than respondents. Defendants present no evidence, however, suggesting that sample bias was present here. To the

contrary, voter registration information, driver's license registration, "State of Organization" information from the Kansas Secretary of State website, and Internet search information supports plaintiffs' contention that survey non-respondents had similar rates of Kansas citizenship as respondents.  Moreover, updated information from Sprint and its alleged co-conspirators confirms that significantly higher than two-thirds of all the individuals and businesses about which plaintiffs received data have a last known billing address in Kansas.

Sprint also criticizes the telephone survey for inquiring whether respondents "plan to move out of Kansas in the near future" rather than whether they "intend to remain indefinitely in Kansas" and for declining to ask whether respondents have connections to other states.  Additionally, Sprint points out that plaintiffs relied on a single indicia of citizenship when categorizing survey non-responders.  The Court concludes that the telephone survey was sufficiently well-designed to yield data that satisfies the preponderance of the evidence standard.  Likewise, though additional information might have been helpful, plaintiffs' public records search adequately supports their position.  For these reasons, and given the absence of any contrary evidence from Sprint, the telephone survey results satisfies plaintiffs' burden to establish by a preponderance of the evidence that two-thirds of the proposed class members are Kansas citizens.  Plaintiffs were not required to prove the point beyond a reasonable doubt.

Sprint next faults plaintiffs for failing to inquire about citizenship specifically as of October 2008, the month in which plaintiffs filed the amended complaint and Sprint removed the case to federal court.  Sprint is correct that plaintiffs must demonstrate by

a preponderance of the evidence that two-thirds of their proposed class members were Kansas citizens on the date the complaint was filed in, or removed to, federal court. *See* 28 U.S.C. § 1332(d)(7); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). That standard, however, is satisfied in this case.

In support of a contrary proposition, Sprint cites *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793 (5th Cir. 2007), in which the Fifth Circuit considered a personal injury and wrongful death suit by patients in connection with care provided in the wake of Hurricane Katrina in Orleans Parish, Louisiana. Considering the analogous "local controversy exception" in 28 U.S.C. § 1332(4)(A), the Fifth Circuit faulted the plaintiffs in that case for failing to "make some minimal showing of the citizenship of the proposed class at the time that suit was filed." *Id.* at 802. The Court reasoned that pre-Katrina billing addresses in medical records did not accurately reflect patients' domicile one year after the hurricane given the "forced mass relocation of Orleans Parish citizens." *Id.* at 799, 801-02. Here, in contrast, Sprint does not identify, let alone provide evidence of, any similar circumstances calling into doubt the validity of plaintiffs' evidence. The Court thus rejects this argument.

Lastly, Sprint argues that plaintiffs could have amended their class definition to include only Kansas citizens. As plaintiffs explain, however, defining the class to include Kansas citizens could cause problems at the class certification stage regarding plaintiffs' obligation to define the class objectively. Plaintiffs are entitled to establish eligibility for the home-state exception by presenting evidence that two-thirds of the class members are Kansas citizens. *See In re Sprint Nextel Corp.*, 593 F.3d 675-76.

The Court concludes that plaintiffs have done so.

Plaintiffs seek costs and expenses under 28 U.S.C. § 1447(c). That provision provides that a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). The Court holds that Sprint had an objectively reasonable basis for seeking removal. The Court accordingly declines the request for costs and expenses.

## Conclusion

For the reasons stated above, the Court grants plaintiffs' second motion to remand [docket no. 201]. This case, *Jackson v. Sprint Nextel Corp.*, No. 09 C 2192, is remanded to the District Court of Douglas County, Kansas.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 21, 2011