IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE TEXT MESSAGING ANTITRUST LITIGATION THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 08 c 7082 MDL No. 1997 Honorable Matthew F. Kennelly |

## DECLARATION OF RICHARD J. KILSHEIMER

Richard J. Kilsheimer, an attorney at law, declares as follows:

1. I am an attorney admitted to practice in the State of New York and a member of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), one of the counsel for Plaintiffs in this litigation.

2. On September 12, 2008, Kaplan Fox filed a Class Action Complaint on behalf of Plaintiff Kim A. Cosgrove in the United States District Court for the District of Columbia, alleging that Defendants had conspired to fix, raise, maintain or stabilize prices of certain text messaging services in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. §1, and seeking damages on behalf of herself and a proposed class of purchasers of those services directly from the Defendants. Thereafter, pursuant to an Order by the Judicial Panel on Multidistrict Litigation, that action was transferred to this district for consolidated pretrial proceedings. When the complaints in the various cases were later combined into the Amended Consolidated Class Action Complaint (and its subsequent iterations), Ms. Cosgrove was not included as named Plaintiff.

3. By Order No. 5 – Appointing Liaison Counsel and Plaintiffs' Steering Committee Members filed in this case on February 10, 2009 (Dkt. # 49), I, on behalf of Kaplan Fox, was appointed as a member of Plaintiffs' Steering Committee.

4. On May 5, 2010 the Court entered a Protective Order in this matter (Dkt. # 154) which governs the treatment of confidential information produced in discovery in this case.

5. On April 5, 2012, on behalf of Club Texting, Inc., Kaplan Fox filed a case entitled *Club Texting Inc. v. Cellco Partnership et al.*, Case Number 12 CV 2656 in the Southern District of New York ("*Club Texting*"), on April 9, 2012, on behalf of TextPower, Inc., Kaplan Fox and another firm filed a case entitled *TextPower, Inc. v. Cellco Partnership et al.*, Case Number 12 CV 2729, in the same court ("*TextPower*"), and on May 10, 2012, on behalf of iSpeedBuy LLC, Kaplan Fox and another firm filed a case entitled *iSpeedBuy LLC v. Cellco Parthership et al.*, Case Number 12 CV 3731, in the same court ("iSpeedBuy"). These cases allege that the defendants combined and conspired to prevent plaintiffs from using ten-digit telephone numbers to send mass text messages referred to as application-to-person text messages, forcing plaintiffs to lease five- or six-digit "common short codes," and to pay various fees in connection with such services. These cases were filed on behalf of a class consisting of all entities and persons who leased common short codes and who sent or received application-to-person text messages from April 5, 2008 to the present.

6. Although we do not believe that there is any substantive overlap or any actual or potential conflicts between the classes in the instant case and in the *Club Texting, TextPower* and *iSpeedBuy* cases, at this time, Kaplan Fox and I have decided to withdraw as counsel for Plaintiffs and as a member of the Plaintiffs' Steering Committee

2

in this matter. Kaplan Fox has conferred with our client, and she does not object to our withdrawal. Plaintiffs' Steering Committee has agreed that withdrawal is appropriate.

7. During the pendency of this litigation, Kaplan Fox and I have complied in all respects with the requirements of the Protective Order, including but not limited to the provision that states "material produced in this Litigation, including without limitation Material designated as 'Confidential' or 'Highly Confidential' under the provisions of this Protective Order, and information derived therefrom, shall be used only for the purpose of this Litigation and any related Appellate proceeding, and not for any other business, competitive, personal, private, public, or other purpose whatsoever." Kaplan Fox has not used any confidential information as defined by the Protective Order other than as permitted by the explicit terms of the Protective Order. Kaplan Fox and I and our co-counsel in the *Club Texting, TextPower* and *iSpeedBuy* cases have not, directly or indirectly, accessed confidential documents or work product derived from such documents in this litigation and will not do so in the future.

8. In addition, Kaplan Fox and I understand and agree that we shall remain bound by the provisions of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct..

Executed on May 21, 2012.

_____
Richard J. Kilsheimer

3