**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE TEXT MESSAGING ANTITRUST LITIGATION** | ) | **No. 08 C 7082** |
| | ) | **MDL No. 1997** |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | ) | **Judge Matthew F. Kennelly** |

**MEMORANDUM OF AT&T MOBILITY, SPRINT,**
**AND VERIZON WIRELESS REGARDING**
**PLAINTIFFS' MOTION FOR AN ADVERSE INFERENCE JURY**
**INSTRUCTION AND SANCTIONS FOR SPOLIATION OF EVIDENCE**

Plaintiffs' Motion for an Adverse Inference Jury Instruction and Sanctions for Spoliation of Evidence is directed only toward Defendants CTIA-The Wireless Association ("CTIA") and T-Mobile USA, Inc. ("T-Mobile") and seeks adverse inference jury instructions solely with respect to them. Nevertheless, Defendants AT&T Mobility, Sprint, and Verizon Wireless (the "Other Defendants")—who do not stand accused of spoliation—would be severely prejudiced by such a jury instruction, and so they submit this memorandum (1) to explain that their voluminous production of Mark Desautels-related documents undercuts Plaintiffs' assertions that they have been prejudiced by the purported destruction of such documents, and (2) to alert the Court to the complexities that granting Plaintiffs' motion would introduce into the trial of this case.

First, in order to meet the heavy burden they must satisfy to justify an adverse inference instruction with respect to CTIA, Plaintiffs must establish that the Mark Desautels e-mails at the heart of their motion would likely have contained information adverse to CTIA's defense. *See Rummery v. Ill. Bell Tel. Co.*, 250 F.3d 553, 558 (7th Cir. 2001). No evidence supports that proposition; Plaintiffs' assertions to the contrary are based on speculation that flies in the face of

the known facts. Specifically, the Carrier Defendants have produced thousands of documents relating to Desautels, including e-mails that were sent from, received by, or which reference Desautels, and none of these documents even hints that Desautels' e-mails contained any information helpful to Plaintiffs' case.

For example, Verizon Wireless has produced more than 2,000 such documents, principally e-mails for which Desautels was the sender or a recipient. (Ex. 1, Declaration of Kristan M. McMahon ("McMahon Decl") ¶¶ 4–6.) Likewise, AT&T Mobility, Sprint, and T-Mobile have all produced hundreds of documents sent from, received by, or referencing Desautels. None of these documents produced by the Carrier Defendants reference the text message pricing changes that are the subject of this lawsuit. (Ex. 1, McMahon Decl. ¶ 7; Ex. 2, Declaration of Linton J. Childs ¶ 3; Ex. 3 Declaration of John E. Schmidtlein ¶¶ 2, 6; Ex. 4, Declaration of Micah G. Block ¶¶ 2, 5.) The Carrier Defendants' production confirms that there is no reason to believe that Desautels' e-mails would have contained information that prove Plaintiffs' allegations.

Second, if the Court were to grant Plaintiffs' motion as to CTIA and/or T-Mobile, the Other Defendants will argue, at the appropriate juncture, that the adverse inferences sought by Plaintiffs would be unfairly prejudicial—especially given that they are not accused of spoliation—and thus inadmissible against them under Fed. R. Evid. 403. *See In re High Fructose Corn Syrup Antitrust Litig.*, 293 F. Supp. 2d 854, 863 (C.D. Ill. 2003) (noting that in order to guarantee that all defendants received a fair trial, an adverse inference based on the invocation of the Fifth Amendment by employees of one defendant in a price-fixing case would be inadmissible against the other defendants under Fed. R. Evid. 403).

The Other Defendants believe it is premature to address the issue of the unfairness to them of any adverse inference jury instruction because they believe that Plaintiffs' Motion should be denied and the issue will become moot. However, if the Court were to grant Plaintiffs' motion, the Other Defendants will ask the Court for the opportunity to be heard in support of a motion either: (a) not to permit—and to exclude in its entirety—the jury instruction sought by Plaintiffs because no limiting or curative instruction could ameliorate the unfair prejudice to the Other Defendants from such an adverse inference jury instruction; or (b) to empanel separate juries to hear the evidence against CTIA and T-Mobile, on the one hand, and the Other Defendants, on the other. *See In re High Fructose Corn Syrup Litig.*, 361 F.3d 439, 441 (7th Cir. 2004) (holding that the district court had the authority to empanel separate juries in a price-fixing conspiracy case in which an adverse inference jury instruction issued against one defendant would unduly prejudice the other defendants).

Finally, even if Plaintiffs were to establish spoliation, the Court has broad discretion in fashioning an appropriate sanction (including in deciding whether to impose one at all); an adverse jury instruction is not the Court's only option. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991). Because an adverse inference jury instruction imposed on CTIA or T-Mobile would grossly prejudice the Other Defendants and raises additional complexities that would be introduced into this case at trial, the circumstances here weigh heavily against such an instruction.

Dated: December 4, 2013 Respectfully submitted,

| | |
|---|---|
| CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS<br><br>/s/ Thomas J. Frederick______________<br>Dan K. Webb<br>Thomas J. Frederick | AT&T MOBILITY LLC<br><br>/s/ John W. Treece_(by permission)_____<br>John W. Treece<br>Linton J. Childs<br>Brian A. McAleenan |

| | |
|---|---|
| John W. Christopher<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Telephone: (312) 558-5600<br>Email: dwebb@winston.com<br>Email: tfrederick@winston.com<br>Email: jchristopher@winston.com<br><br>Of Counsel:<br>Robert H. Griffen<br>VERIZON COMMUNICATIONS INC.<br>1320 N. Courthouse Road<br>Arlington, VA 22201<br>Telephone: (703) 351-3900<br>Email: robert.h.griffen@verizon.com<br><br>Michael K. Kellogg<br>Aaron M. Panner<br>KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.<br>1615 M Street, NW<br>Suite 400<br>Washington, DC 20036<br>Telephone: (202) 326-7900<br>Facsimile: (202) 326-7999<br>Email: apanner@khhte.com<br><br>*Counsel for Defendant Cellco Partnership, d/b/a Verizon Wireless* | SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago , IL 60603<br>Telephone: (312) 853-7000<br>Email: jtreece@sidley.com<br>Email: lchilds@sidley.com<br>Email: bmcaleenan@sidley.com<br><br>Marc W. F. Galonsky<br>AT&T MOBILITY LLC<br>675 W. Peachtree Street, NW<br>Atlanta, GA 30308<br>Telephone: (404) 927-2860<br>E-mail: marc.galonsky@att.com<br><br>Kara W. Ong<br>AT&T MOBILITY LLC<br>1025 Lenox Park Blvd., NE<br>Atlanta, GA 30319<br>Telephone: (404) 986-1074<br>E-mail: kara.ong@att.com<br><br>*Counsel for AT&T Mobility LLC*<br><br>SPRINT NEXTEL CORPORATION<br><br>/s/ John E. Schmidtlein (by permission)_<br>John E. Schmidtlein<br>Megan A. Hughes<br>WILLIAMS & CONNOLLY LLP<br>725 12th Street, NW<br>Washington , DC 20005<br>Telephone: (202) 434-5000<br>Email: jschmidtlein@wc.com<br>Email: mhughes@wc.com<br><br>Frederic R. Klein<br>Kerry D. Nelson<br>GOLDBERG, KOHN, BELL, BLACK, ROSENBLOOM & MORITZ, LTD.<br>55 East Monroe Street #3300<br>Chicago , IL 60603<br>Telephone: (312) 201-4000<br>Email: frederic.klein@goldbergkohn.com |

| | |
|---|---|
| | Email: kerry.nelson@goldbergkohn.com<br><br>*Counsel for Sprint Nextel Corporation* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of December, 2013, ***Memorandum of AT&T Mobility, Sprint and Verizon Wireless Regarding Plaintiffs' Motion For An Adverse Inference Jury Instruction And Sanctions For Spoliation Of Evidence*** was served by causing a true and correct copy of same to be delivered to all Filing Users through the Court's ECF system.

/s/ Thomas J. Frederick
Thomas J. Frederick